IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-572-BO

| | | |
|---|---|---|
| EVETTE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26, 28]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on March 5, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED and defendant's motion [DE 28] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff filed her applications on September 25, 2014, alleging disability dating back to July 31, 2013. Plaintiff's applications were denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on May 12, 2017. The ALJ issued a decision on June 28, 2017, finding that plaintiff was not disabled. In September 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision of the Commissioner.

In November 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 5]. In March 2018, plaintiff moved for judgment on the pleadings. [DE 26]. Defendant moved for judgment on the pleadings in May 2018. [DE 28]. A hearing was held before the undersigned in Elizabeth City, North Carolina on March 5, 2019. [DE 31].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R.

§ 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although plaintiff was unable to perform her past relevant work activities, she was able to perform other jobs that existed in significant numbers in the national economy. The ALJ concluded that plaintiff had severe impairments that did not meet or equal any Listings and that plaintiff was capable of performing sedentary work with some exertional and non-exertional limitations.

The ALJ's RFC finding is not supported by substantial evidence in the record. First, the ALJ failed to explicitly address whether plaintiff was medically required to use a cane. Second, the ALJ failed to properly consider plaintiff's Department of Veterans Affairs (VA) rating. Both errors are sufficient to justify reversal.

The ALJ erred in failing to assess plaintiff's need for an assistive device. "The requirement to use a hand-held assistive device may also impact on the individual's functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(J)(4); SSR 96-8p; SSR 96-9p. An ALJ must consider the impact of a "medically required" hand-held assistive device as it relates to a claimant's RFC. There was ample evidence in the record to support plaintiff's claim that she needed to use a cane, and the ALJ even mentioned that plaintiff is noted in her medical records to use a cane for ambulation, but the ALJ still did not explain why the use of a cane was not included in plaintiff's RFC. The ALJ committed legal error and her decision must be reversed.

Additionally, the ALJ failed to give adequate weight to plaintiff's Department of Veterans Affairs (VA) rating or, at a minimum, provide sufficient reason for discounting that rating. In June 2015, the VA assigned plaintiff a 100% disabled rating. Although the ALJ claimed "[m]uch consideration was given to the medical diagnoses of the VA and their assessment of VA disability," the ALJ went on to note that "the standards of disability for their agency and our agency do not necessarily coincide, and we are not held to their standards of disability," concluding that plaintiff was not disabled under the Social Security Act. [Tr. 69–70]. But in *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly

4

relevant to the disability determination of the other agency." The Fourth Circuit added that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id*. The ALJ did not do so here. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. At a minimum, the ALJ failed to give adequate reasons for discounting the VA rating. The ALJ's decision must be reversed.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. At plaintiff's hearing, the vocational expert testified that a hypothetical individual who could not walk or stand for more than 15 minutes at a time and required a cane for ambulation would be unemployable. The record clearly supports a finding that plaintiff's cane was medically necessary and that she was similarly limited in standing and walking, and that she is accordingly entitled to benefits. Further, the record plainly demonstrates that plaintiff suffered from severe limitations that precluded her even from performing sedentary work with the various

exertional and non-exertional limitations supplied by the ALJ. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 26] is GRANTED and defendant's motion [DE 28] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 11 day of March, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE